**TRATAROS CONSTRUCTION, INC., Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5141.

United States Court of Appeals, Federal Circuit.

Aug. 21, 2002.

Before NEWMAN, MICHEL, and CLEVENGER, Circuit Judges.

PER CURIAM.

Trataros Construction, Inc. ("Trataros") won a contract to modernize Bachelor Quarters at the United States Naval Submarine Base, New London, in Groton, Connecticut. Some time later, a Department of Labor investigation revealed that Trataros was not paying its workers the appropriate wage rate under the contract. In response, Trataros sought an upward price adjustment to the contract, which the contracting officer denied. Trataros then sued in the United States Court of Federal Claims, alleging that it was entitled to an equitable adjustment to the contract of approximately $1.6 million to cover the increased wages paid, in its view, under inapplicable wage rates. The Court of Federal Claims dismissed the challenge,

reasoning that it lacked jurisdiction to alter the Secretary of Labor's wage rate decision and, as a result, no equitable adjustment was proper. Trataros appeals. We *affirm.*

## DISCUSSION

This is a straightforward case. The contracting officer for the Navy issued a solicitation for bids for the Bachelor Quarters contract on August 8, 1994. The project was classified as a residential construction project by Department of Labor General Decision No. CT940011; the wage rates to be paid by the contractor that won the bid were listed on the face of the General Decision. On September 6, 1994, before the solicitation period closed, the Contracting Officer issued an "Amendment of Solicitation/Modification of Contract" (Amendment 0006) in which General Decision No. CT940011 was superseded by General Decision No. CT940003, which modified the construction type from "residential project" to "building construction project." As a result, the wage rates increased substantially. Trataros submitted an offer sheet on September 22, 1994, which, among other things, contained a signed acknowledgement that Trataros had received Amendment 0006. The contract was awarded to Trataros in January 1995.

When it began performing the contract and for some time thereafter, Trataros mistakenly paid its workers at the wage rates set forth in superseded General Decision No. CT940011 rather than General Decision No. CT940003. After a Department of Labor investigation discovered what had been occurring, Trataros was ordered to correct the error. It did so, but then requested that the contracting officer equitably adjust the contract award by over $1.6 million to cover the increased expenses in light of the appropriate wage rate. The request was denied. Trataros

now appeals the Court of Federal Claims' dismissal of its complaint.

The contract at issue is governed by and incorporates the Davis–Bacon Act, 40 U.S.C. § 276a(a) (1994), which requires that "laborers and mechanics employed or working upon the site of the work will be paid ... at rates not less than those contained in the wage determination of the Secretary of Labor which is attached hereto and made a part hereof ...." The relevant wage determination, as Trataros readily admits, is contained in General Decision No. CT940003. Nevertheless, Trataros challenges that wage determination as incorrect because the Bachelor Quarters were, in fact, residential. But Trataros' remedy for this alleged error was with the Department of Labor, as evidenced by the "Disputes Concerning Labor Standards" section of the contract:

> The United States Department of Labor has set forth in 29 CFR Parts 5, 6, and 7 procedures for resolving disputes concerning labor standards requirements. Such disputes shall be resolved in accordance with those procedures and not the Disputes clause of this contract. Disputes within the meaning of this clause include disputes between the Contractor (or any of its subcontractors) and the contracting agency, the U.S. Department of Labor, or the employees or their representatives. (FAR 52.222–14).

This contractual clause forecloses Trataros' challenge in the Court of Federal Claims to the Department of Labor's wage rate determination. Indeed, faced with a clause of virtually identical language, we held in *Emerald Maintenance, Inc. v. United States* that recourse to the Court of Federal Claims was not proper because "a complaint that relates to the wage rate [a contractor] had to pay [its workers] and the listing of job categories and wage rates in the contracts is surely one of the labor

standards provisions." 925 F.2d 1425, 1429 (Fed.Cir.1991); *accord Herman B. Taylor Constr. Co. v. GSA,* 203 F.3d 808 (Fed.Cir.2000). We are not persuaded that *Burnside–Ott Aviation Training Ctr., Inc. v. United States,* 985 F.2d 1574 (Fed. Cir.1993), compels a different result.

We therefore affirm the Court of Federal Claims' dismissal of Trataros' challenge to the wage rate determination. And because Trataros seeks an equitable adjustment that would cover contract costs Trataros failed to take into account when it submitted its bid, we also affirm the decision denying an equitable adjustment.